# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2008

Charles R. Fulbruge III
Clerk

No. 08-20047
Summary Calendar

JEFFRY PENDER

Plaintiff - Appellant

V.

BARRON BUILDERS & MANAGEMENT CO

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-01635

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Our jurisdiction on appeal is limited to the district court's denial of plaintiff-appellant's second post-judgment motion. Pender v. Barron Builders, Order, No. 08-20047 (May 28, 2008). The district court granted the defendant's motion to dismiss plaintiff's claims for failure to abide by the court's rules and for want of prosecution. See FED. R. CIV. P. 41(b). The plaintiff filed an initial motion for reconsideration and relief from judgment pursuant to Rules 59(e) and 60. After the district court denied his motion, the plaintiff filed a second motion for reconsideration. The district court then denied the plaintiff's second motion

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for reconsideration.  We now review this denial of plaintiff's second motion for reconsideration.

We review the denial of plaintiff's second motion for reconsideration under an abuse of discretion standard. LeClerc v. Webb, 419 F.3d 405, 412 n.13 (5th Cir. 2005).  "A motion to alter or amend judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory.  A district court abuses its discretion if it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence."  Ross v. Marshall, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations and citations omitted).  The plaintiff did not present any newly discovered evidence with his second motion for reconsideration.  The district court dismissed plaintiff's claims for want of prosecution and failure to abide by court rules based on several instances of plaintiff's discovery abuse and non-compliance with court orders. The plaintiff's second motion for reconsideration does not clearly establish any manifest error of law in respect to the district court's determination. We therefore cannot conclude that the district court's second denial of plaintiff's motion for reconsideration was an abuse of its discretion.

For the foregoing reasons, the district court judgment is
AFFIRMED.